NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| AMANDA ATHENA LEE KAIN, | ) CASE NO.5:21cv879 |
| | ) |
| Plaintiff, | ) JUDGEPATRICIA A. GAUGHAN |
| | ) United States District Judge |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | ) WILLIAM H. BAUGHMAN, JR. |
| | ) |
| | ) REPORT & RECOMMENDATION |
| | ) |
| Defendant, | |

**Introduction**

Before me by referral[1] is an action under 42 U.S.C. §405(g) by Amanda Athena Lee Kain seeking judicial review of the 2020 decision of the Commissioner of Social Security that denied Kain's 2019 application for Supplemental Security Income.[2] The Commissioner has filed the transcript of the administrative proceedings.[3] Under terms of my initial[4] and procedural[5] orders,

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Patricia Gaughn in a non-document order entered April 28, 2021.
[2] ECF No. 1.
[3] ECF No. 7. Pursuant to Local Rule 16.3.1(d), filing the transcript of the administrative proceedings constitutes the Commissioner's answer.
[4] ECF No. 5.
[5] ECF No. 8.

the parties have briefed their positions[6] and filed supplemental fact sheets and charts.[7] The parties have met and conferred with the goal of clarifying or reducing the matters at issue.[8]

For the following reasons, I will recommend that the decision of the Commissioner be affirmed.

**Facts**

Kain, who was born in 1985,[9] was found to have only a limited education and had past relevant work as a cashier, which, as performed by Kain, was an unskilled job performed at a heavy exertional level.[10] She has been homeless[11] and has a support dog.[12] Her three children began living with Kain's adoptive mother when Kain became homeless.[13]

In addition, Kain twice before applied for disability benefits (2013 and 2018) and was denied each time.[14] As the ALJ noted here, these previous denials are binding in this case.[15]

The ALJ found that Kain has the following severe impairments: anxiety, post-traumatic stress disorder (PTSD), depression, and borderline intellectual functioning.[16] Further, he found that Kain's status post-bariatric weight loss surgery was a non-severe impairment.[17]

---

[6] ECF Nos. 11 (Kain), 14 (Commissioner), 16 (Kain reply).
[7] ECF Nos. 11, Attachment (Kain), 14, Attachment (Commissioner).
[8] ECF No. 15.
[9] Tr. at 29.
[10] *Id.*
[11] *Id.* at 51.
[12] *Id.* at 50.
[13] *Id.* at 51.
[14] *Id.* at 70-82 (2013), 118-29 (2018). The 2018 decision was by then-ALJ Amanda Knapp.
[15] *Id.* at 27.
[16] *Id.* at 24.
[17] *Id.*

Moreover, the ALJ concluded that Kain did not have an impairment or combination of impairments that met or equaled a listing.[18] To that end, he specifically considered Listings 12.04 (personality disorder), 12.05 (mental retardation), 12.06 (anxiety and obsessive-compulsive disorder) and 12.15 (trauma and stressor related disorders).[19] In particular, the ALJ considered whether Kain satisfied the paragraph B criteria of these Listings[20] which require that any alleged mental impairments result in at least one extreme limitation or two marked limitations in the four specified areas of functioning.[21] The ALJ determined that Kain had only moderate limitations in all four areas.[22]

In addition, the ALJ also examined in detail the requirements of Listing 12.05 that require, *inter alia*, the presence of a full scale IQ score of 70 or below accompanied by significant deficits in adaptive functioning manifested by either one example of an extreme limitation in the four areas of mental functioning or two examples of marked limitations in the same areas.[23] The ALJ concluded that although Kain had a verbal IQ score of 67 on a test administered when she was an adolescent, she did not also have the required severity in adaptive functioning to meet the Listing.[24]

The ALJ thereupon found that Kain has the RFC to perform a full range of light work at all exertional levels, but with some specific non-exertional limitations.[25] In formulating that RFC, the ALJ noted that:

---

[18] *Id.*
[19] *Id.*
[20] He also addressed the paragraph A or B criteria of Listing 12.05. *Id.*
[21] *Id.*
[22] *Id.* at 24-25. The areas are: (1) understanding, remembering and applying information; (2) interacting with others; (3) concentration, persistence and pace; (4) ability to adapt and manage oneself.
[23] *Id.* at 26.
[24] *Id.*
[25] *Id.*

(1) The most recent clinical records pertaining to her treatment for depression, anxiety and PTSD, date from January to April 2020 and are from the notes of Dr. Dr. Mark Saltzman, D.O, Kain's primary care physician. They indicate that Kain told her physician that her current medication (diazepam) was "helping her anxiety significantly" and that this medication was continuing to be effective up through April 2020 – the last date for available records.[26]

(2) The opinions of state reviewing[27] psychological consultants, which were given in July and August of 2019, were found to be persuasive.[28] Those opinions adopted the findings of the prior decision in this case that Kain was not disabled.[29]

After finding that Kain could not perform her past relevant work as a cashier,[30] the ALJ found, with the testimony of a vocational expert (VE), that Kain, consistent with the limitations of the RFC, could perform the jobs of garment sorter, bagger and marker – positions for which jobs exist in significant numbers in the national economy.[31]

Kain was then found to be not disabled.[32]

## Issues

Kain raises the following four issues for judicial review:

---

[26] *Id.* at 28.
[27] The ALJ's opinion is somewhat confusing in this regard in that it cites these opinions as arising from an "examination" of Kain's claims. *Id.* at 29. Strictly speaking, the claims were examined, not Kain.
[28] *Id.* at 29.
[29] *Id.*
[30] *Id.*
[31] *Id.* at 30.
[32] *Id.*

1.       The appointment of Andrew Saul as Commissioner of the Social Security Administration violated the separation of powers. As such, the decision in this case by an ALJ who derived his authority from Andrew Saul was constitutionally defective.

2.       The ALJ erred when he relied on the prior ALJ's RFC which was issued by an ALJ who had not been properly appointed.

3.       The ALJ's RFC was not supported by substantial evidence as he failed to properly evaluate the combination of Kain's severe impairments and the fact that the evidence supported that the combination of her impairments precluded her from engaging in substantial gainful activity on a sustained and full-time basis.

4.       The ALJ erred that his analysis of Kain's symptoms was in violation of Social Security Ruling 16-3p.[33]

**Analysis**

Issues related to appointment of the Commissioner

Preliminarily, I note that the first two issues dealing with the propriety of the appointment of Andrew Saul as Commissioner have been repeatedly addressed by multiple courts and that I have found no authority for the positions advanced by Kain. To that end, I incorporate by reference my discussion of this matter in my recent decision in *Stiefel v. Commissioner of Social Security*.[34] Accordingly, I recommend that the first two issues raised here be found to be without merit.

RFC and substantial evidence

---

[33] ECF No. 11 at 1.
[34] 2022 WL 2870901 (N.D. Ohio July 21, 2022).

Next, as to the question of whether the RFC was supported by substantial evidence, I note first that this issue is resolved under the well-known substantial evidence standard which need not be restated.

That said, I note initially that, as detailed above, the ALJ grounded his conclusion that the combination of Kain's impairments precluded her from engaging in substantial gainful activity in the finding that Kain could not show that she met the B paragraph criteria in all the relevant listings. As also noted previously, the ALJ found no more than moderate limitation in all four areas of function.

Kain's argument here is that the ALJ incorrectly interpreted the facts that purportedly showed Kain had marked limitations of functioning while simultaneously "proffer[ing] no evidence which supported his contention that Kain had only moderate limitations."[35] She further argues that the ALL gave "only a perfunctory analysis of what he considered to be the relevant Listings and related functional limitations."[36] Moreover, Kain asserts that the ALJ failed to discuss evidence such as a June 2018 medical opinion that Kain was "easily lost in her panic every day" and Kain's own testimony that she was unable to work due to multiple panic attacks each day.[37]

To those points I note first that the September 2018 opinion by then-ALJ Knapp specifically also considered whether the combination of Kain's impairments met or equaled Listing 12.04, 12.06 and 12.11,[38] with Listings 12.04 and 12.06 common to both that opinion and

---

[35] ECF No. 11 at 17.
[36] *Id*. at 19.
[37] *Id*. at 20.
[38] Tr. at 74-75.

this one. As here, Judge Knapp found that Kain could not meet the B criteria of these Listings.[39] That conclusion is *res judicata* as to Kain's situation as of September 2018.

Moreover, that opinion also noted that the relevant state agency psychological consultants found that Kain had normal memory function and normal persistence, pace, attention and concentration.[40] Judge Knapp also observed that while Kain's impairments would cause "deficits of frustration tolerance and ability to cope with stressors," Kain possessed "fair to normal insight and judgment" and was raising three young children while also moving her household, due to economic necessity, at least once.[41]

In addition, I also observe that Judge Knapp expressly examined the June 2018 opinion cited here by Kain and found that it was inconsistent with the treatment notes of the preparing physician and otherwise deficient for failing to offer any "specific degree of limitation applicable to any of the work-related areas of function."[42] That conclusion as to the June 2018 opinion is also *res judicata* here.

Thus, Kain is restricted here to arguing that the present ALJ failed to adequately analyze whether the evidence from September 2018 to April 2020 – the date of the last records- supports the view that Kain meets or equals one of the Listings under consideration.

Initially here, the report of the state agency psychological reviewer specifically states that Kain does not meet the Listing criteria for either Listings 12.04 or 12.06.[43] It also states that Kain does not meet the B paragraph criteria of those listings[44] and, as noted earlier, specifically adopts

---

[39] *Id*.
[40] *Id*.
[41] *Id*.
[42] *Id*. at 80.
[43] *Id*. at 108.
[44] *Id*. at 109. The state agency reviewer found Kain's limitations in all four areas to be moderate.

the findings of Judge Knapp's opinion.[45] As is well-established, the opinion of state agency reviewers is substantial evidence for a decision by the ALJ that rests on that opinion.

Further, as to the medical evidence post-2018, the ALJ found, as described above, that:

(1) in January of 2020 Kain told Dr. Stutzman that her medication was helping her anxiety "significantly," although she was having some difficulty focusing while playing video games;[46]

(2) she (Kain) was actively seeking employment, but has been unable to find a suitable job;[47]

(3) the most recent record – April 2020 – shows that Kain "continued to do well with her medication."[48]

In sum, contrary to Kain's contention that the ALJ impermissibly ignored a 2018 report that she was "lost" in panic every day, that report was considered in an earlier opinion which concluded that Kain's impairments did not meet or equal a listing – a decision that is *res judicata* here. Similarly, although Kain now claims that the ALJ only gave "perfunctory analysis" to the finding that Kain's functional limitations did not meet the B criteria of the relevant Listings, that finding rests on both the report of the state agency reviewer in this matter and the findings of Judge Knapp in the earlier decision. Those sources for the ALJ's conclusion refute Kain's argument that the current ALJ "proffered no evidence" of only moderate limitations in the four areas of functioning.

---

[45] *Id*. at 110.
[46] *Id*. at 28.
[47] *Id*.
[48] *Id*.

Accordingly, I recommend that the ALJ's RFC determination be affirmed as being supported by substantial evidence.

Kain's symptoms/credibility

Finally, as to the fourth issue raised – that the ALJ's evaluation of Kain's symptoms was in violation of Social Security Rule 16-3p – essentially Kain maintains that the ALJ failed to properly evaluate her hearing testimony that her symptoms were so bad as to cause her to have anxiety attacks four to six times per day, keep her from leaving the house three times a week and otherwise render her unable to work.[49] Simply put, Kain contends that the ALJ failed to "articulate any rationale beyond the boilerplate paragraph finding that Kain's statements were inconsistent with the medical evidence, contrary to the requirements set forth in *Cox v. Commissioner of Social Security*.[50]

Essentially, Social Security Ruling 16-3p, along with 20 C.F.R. § 416.929(c), require the ALJ to look at both objective medical evidence as well as anon-exhaustive list of factors when evaluating subjective complaints. That list includes: (1) daily activities; (2) the location, duration, frequency and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness and side effects of any medication taken to alleviate the pain or other symptoms; (5) treatment, other than medication; (6) measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) other relevant factors.[51]

---

[49] ECF No. 11 at 21-22.
[50] *Id*. at 22-23 (citing 615 Fed. Appx. 254 (6th Cir. 2015)).
[51] 20 C.F.R. § 416.929(c); SSR 16-39, 2017 WL 5180304, at *7-8.

That said, it is also important to note that an ALJ's credibility determinations are to be given great weight.[52] In this case, it is also important to note that the ALJ, in formulating the RFC, partially accepted Kain's allegations about the severity and limiting effects of her symptoms by restricting her to a reduced range of simple, routine and repetitive tasks, as well as limiting contact with co-workers, supervisors and the public.[53] He did, however, not credit the full extent of Kain's complaints as they relate to her psychological symptoms, pointing out that those complaints were inconsistent with the conservative nature of her care and the effectiveness of her medication.[54]

In reviewing that decision, I observe that in addition to giving great weight to the judgment of the ALJ, the ALJ is not required to discuss every factor that was considered in formulating his conclusion, nor provide a factor-by-factor analysis of that decision.[55]

With that in mind, I note that the ALJ did point to evidence that Kain was able to manage her own care, manage her finances and comply with medical recommendations.[56] He also noted that the anxiety medication Kain was taking was effective.[57] Moreover, he cited the passage from a physician's treatment note where Kain herself reported that she was actively looking for work[58] – an action that is inconsistent with her hearing testimony as cited by Kain in her brief here.[59] Finally, the ALJ noted that although Kain did have a full-scale IQ score of 73 while in school, there were no adult records documenting any significant intelligence deficits or functional disabilities.[60]

---

[52] *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (internal citations omitted).
[53] Tr. at 26.
[54] *Id*. at 27-28.
[55] *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 287 (6th Cir. 2009).
[56] Tr. at 24-25, 27-28.
[57] *Id*. at 28.
[58] *Id*.
[59] *Id*. at 55., cited in ECF No. 11 at 22.
[60] *Id*. at 28.

Thus, contrary to Kain's assertion that the ALJ failed to analyze her subjective complaints in conformity with the relevant regulations or articulate findings beyond mere recitations of boilerplate language, the ALJ conducted his analysis, as noted above, by considering Kain's complaints in light of specific factors and supported his conclusions with citation to particular parts of the record.

Accordingly, under the rubric articulated above and in light of the fact that the reviewing court may not re-weigh the evidence,[61] I recommend finding that there was no error in how the ALJ handled Kain's subjective complaints.

## Conclusion

For the reasons stated above, I recommend that the decision of the Commissioner be affirmed.

IT IS SO ORDERED.

Date: 08/22/22  s/William H. Baughman, Jr.
United States Magistrate Judge

---

[61] See, *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

**NOTICE REGARDING OBJECTIONS**

Any party may object to this Report and Recommendation. To do so, you must serve and file your objections with the Clerk of Court within 14 days after being served with this Report and Recommendation. If this document is being served on you by mail, service by mail is complete when the document is mailed, not when you receive it. If you fail to serve and file your objections within this 14-day time period, you forfeit your rights on appeal, absent a showing of good cause for such failure.