UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Amanda Athena Lee Kain, | ) | CASE NO. 5:21 CV 879 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. ("R&R")(Doc. 17) recommending that the decision of the Commissioner be affirmed. Plaintiff objects to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 72, which governs the matter herein inasmuch as timely objections have been made to the Report and Recommendation, provides in part:

**(b)(3) Resolving Objections**

1

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "The term 'de novo' signifies the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second evidentiary hearing is required." *citing United States v. Raddatz*, 447 U.S. 667 (1980).

**ANALYSIS**

Plaintiff objects to the R&R on the basis that the Commissioner lacked the constitutional authority to delegate to the Administrative Law Judge ("ALJ"). As such, the ALJ acted without constitutional authority and the decision denying benefits is null. Because of the nature of plaintiff's objection, it is not necessary to set forth the relevant medical evidence or procedural posture of this case.

Plaintiff argues that the ALJ in her case lacked proper authority because the ALJ derived that authority from a Commissioner, who was subject to an unconstitutional removal provision. That provision, 42 U.S.C. § 902(a), protected the Commissioner from removal except in cases of "neglect of duty or malfeasance in office." The government agrees that the Commissioner was subject to an unconstitutional removal provision under *Seila* Law because the President must be able to remove the Commissioner at will. Instead, the government argues that remand is unnecessary under *Collin v. Yellen* because plaintiff fails to show harm resulting from the unconstitutional removal provision.

In *Seila Law*, the Supreme Court held that for-cause removal protections placed upon the

Director of the Consumer Financial Protection Bureau violated the separation of powers because the President must be able to remove officers at will. *Seila Law v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183, 2197 (2020). The Court in *Collins v. Yellen* extended *Seila Law* to for-cause removal restrictions on the Director of the Federal Housing Finance Agency. 141 S. Ct. 1761, 1783 (2021).

But, where remedies are concerned, the Court distinguished between cases involving unconstitutional *appointments* and cases involving properly appointed officers whose *removal protections* are unconstitutional. *Id*. at 1788. An unconstitutionally appointed officer lacks the authority to act, but a constitutionally appointed officer subject to for-cause removal protection still acts with proper authority. *Id*. at n.23 ("[T]he unlawfulness of [a] removal provision does not strip [an officer] of the power to undertake the other responsibilities of his office."). When a properly appointed officer has for-cause removal protections, a party may still be entitled to retrospective relief, but the party must show that the removal provision inflicted harm. *Id*. at 1788. Action taken by an unconstitutionally appointed officer, by contrast, would require remand. *Id*. (*citing Lucia v. S.E.C.*, 139 S. Ct. 2044, 2055 (2018) (remedy for unconstitutionally appointed ALJ is a new hearing)). In *Collins*, the Court remanded on the issue of harm to determine whether shareholders could establish harm stemming from the unconstitutional removal provision. *Id*. at 1788-89. The Court offered hypothetical ways that the shareholders could show harm: evidence that the President attempted to remove a director but was prevented from doing so by court order, or a statement by the President showing that he would remove a director if the removal protection were not present. *Id*. at 1789.

Here, the government admits that the Commissioner was subject to an unconstitutional

removal provision, 42 U.S.C. § 902(a). Under *Seila Law* and *Collins*, then, the question becomes what remedy, if any, is appropriate. Plaintiff seeks remand for a new hearing on the basis that the ALJ lacked authority to hear her case because ALJs derive authority from the Commissioner.

The Supreme Court made clear in *Collins* that a plaintiff who was subjected to an officer's decision where that officer was protected by an unconstitutional removal provision will not automatically be entitled to relief. The Court explained that *Seila Law* had ordered a remand to decide whether the challenged action "had been ratified by an Acting Director who was removable at will by the President." *Collins v. Yellen*, 141 S. Ct. 1761, 1788. The Court went on to discuss ways that plaintiffs could be harmed by an unconstitutional removal provision. *Id.* at 1789 ("[I]t is still *possible* for an unconstitutional [removal] provision to inflict compensable harm.") (emphasis added). Ultimately, the *Collins* Court remanded to explore harm. *Id.*

Lower courts have interpreted the *Collins* "compensable harm" requirement to mean that a party must show a "link . . . between the removal provision and [the plaintiff's] case" such that the harm is "particularized to [the Plaintiff]." *See Kaufmann v. Kijakazi*, 2022 WL 1233238, at *5 (9th Cir. 2022). As explained above, *Collins* gave several such examples, such as proof that the President tried to remove a particular officer but was prevented from doing so by a court order. *Kaufmann* provided other hypotheticals, such as the President taking special interest in a plaintiff's case or the Commissioner directing the Appeals Council to "decide her case in a particular way because of the statutory limits on the President's removal authority." *Id*.

The government points to a number of cases wherein lower courts have held that the unconstitutional removal provision protecting the Commissioner of Social Security did not cause compensable harm. (Doc. 14-1 at PageID 1667, n.4). Those cases, relying on *Collins*,

4

consistently find that plaintiffs fail to show a nexus between the removal provision and the adverse decision in their benefits case. *See*, *e.g.*, *Crawford v. Comm'r of Soc. Sec.*, 2021 WL 5917130, at *8 (S.D. Ohio Dec. 14, 2021), *report and recommendation adopted* by 2022 WL 219864 (S.D. Ohio Jan. 25, 2022).

Plaintiff's sole rebuttal case, *Tafoya v. Kijakazi*, merely held that a plaintiff had standing to litigate her constitutional challenge to the removal provision. 551 F. Supp. 3d 1054, 1062 (D. Colo. 2021). Indeed, the court expressed doubt that the plaintiff would later succeed on the merits. *Id*. at 1059 ("While ultimately, the righteousness *vel non* of her arguments on the merits may gain plaintiff little, if anything, the question before me is one of standing, and thus does not implicate the merits.").

Plaintiff makes no argument that she suffered a particularized harm as a result of the unconstitutional removal provision. She does not argue that the President took interest in her case or that the Commissioner acted in a particular way because he knew that he could only be removed for cause. She argues solely that the ALJ lacked authority to decide her case because the Commissioner similarly lacked authority. But this argument conflates an error in the Commissioner's appointment– which would have deprived the Commissioner of authority to act– with an error in the removal provision, which does not deprive the Commissioner of authority. *Collin v. Yellen*, 141 S. Ct. 1761, 1788 (2021). The Court concludes that plaintiff, having failed to allege a particularized injury caused by the removal provision, is not entitled to remand for a new hearing.[1] Accordingly, plaintiff's objection is not well-taken.[2]

---

[1] Because the Court has determined that plaintiff's argument fails, the Court need not reach the alternative argument presented by defendant, *i.e*, the ALJ had full authority to act because he was

5

**CONCLUSION**

For the foregoing reasons, the Court ACCEPTS the R&R and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

                                                  /s/ Patricia A. Gaughan
                                                  PATRICIA A. GAUGHAN
                                                  United States District Judge
                                                  Chief Judge

Dated: 9/15/22

---

appointed by an Acting Commissioner subject to at-will removal.

[2] The Court reviewed the remainder of the R&R for clear error and found none.